■ In the Matter of the Claim of MICHAEL NETTO, Respondent, against GENERAL CRUSHED STONE COMPANY, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. In 1949 when claimant was hired as a garage mechanic he had a right inguinal hernia of some years duration and wore a truss. In 1953 while lifting a truck wheel he sustained a left inguinal hernia. It is very clearly demonstrated in the record that both conditions together have produced a permanent disability which is materially greater than would have resulted from the accident alone. Operative procedures simultaneously undertaken to remedy both conditions resulted in an embolism and the amputation of a leg. The employer would, therefore, be entitled to the reimbursement provided by subdivision 8 of section 15 of the Workmen's Compensation Law, from the Special Disability Fund if the right inguinal hernia was a "permanent physical impairment" as defined by paragraph (b) of the subdivision; and was such a "permanent condition" as likely to be a hindrance or obstacle to employment. On this question the factual finding of the board has gone against the employer and reimbursement has been denied. In seeking reimbursement from the Fund, the carrier is required to meet the burden of proof of establishing by substantial evidence the conjunction of the three statutory conditions: the prior permanent physical impairment; its likelihood of being an obstacle or hindrance to employment; and the substantially greater final disability resulting from the industrial accident. It is not disputed here that the employer knew of the condition and believed it permanent at the time of hiring. The conditions, and effect of conditions, existing before the accident must always be viewed retrospectively in the light of the occurrence of the accident and its effect. This retrospective view may be taken upon the basis of medical opinion of the nature and the gravity of the preaccident physical condition; and of the medical or industrial opinion, or both, on the effect of such a condition upon employment. This will often present an open question of fact; but in this case the carrier has not only met the burden of producing medical opinion that this right inguinal hernia was a permanent condition but also that it would be a hindrance to employment. That the surgeon who operated thought it could be repaired does not negate this opinion; the fact is he was wrong and failed to correct it by surgical procedure. Thus the record before us presents no substantial evidence that the preaccident hernia was not a permanent disability likely to be a hindrance to employment. We do not hold that the record may not be developed factually in that direction so to leave it open to the board to find against reimbursement from the Fund; but the record before us does not sustain such a finding. Decision reversed and claim remitted to the Workmen's Compensation Board, with costs to appellant against the Special Disability Fund. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.